UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLA J. S.,

        Plaintiff,

   v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 3:18-CV-05409-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his assessment of medical opinion evidence from Dr. Katrina Higgins, Psy.D. Had the ALJ properly considered Dr. Higgins' opinion, the residual functional capacity ("RFC") assessment may have included an additional limitation. The ALJ's error is therefore not

harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On August 21, 2013, Plaintiff filed an application for SSI, alleging disability beginning June 1, 2010. Administrative Record ("AR") 10. The application was denied upon initial administrative review and on reconsideration. AR 10. On January 20, 2015, ALJ Robert P. Kingsley held the first hearing in this matter. AR 747. In a decision dated March 24, 2015, the ALJ determined Plaintiff to be not disabled. AR 10. On March 8, 2017, the United States District Court for the Western District of Washington ("Court") reversed and remanded ALJ Kingsley's decision to the Commissioner for further consideration consistent with the Court's Order. AR 684-91.

On November 3, 2017, ALJ David Johnson held the second hearing in this matter. AR 620. In a decision dated March 2, 2018, the ALJ determined Plaintiff to be not disabled. AR 598. Plaintiff did not seek review of the ALJ's decision by the Appeals Council, making the ALJ's March 2, 2018 decision the final decision of the Commissioner. 20 CFR § 416.1481. Plaintiff now seeks review from the Court of the ALJ's March 2, 2018 decision.[1] Dkt. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referencing ALJ Johnson and his March 2, 2018 decision.

DISCUSSION

**I.      Whether the ALJ properly considered Dr. Higgins' medical opinion.**

Plaintiff argues the ALJ failed to provide specific, legitimate reasons, supported by substantial evidence in the record, to discount Dr. Higgins' opinion regarding workplace absenteeism. Dkt. 8, pp. 3-4.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Higgins performed a psychological evaluation of Plaintiff on January 9, 2014, and diagnosed Plaintiff with major depressive disorder, recurrent, severe without psychotic features, with anxious distress. AR 416. In relevant part, Dr. Higgins opined Plaintiff "may have higher than average absenteeism due to her symptoms of depression and her pace of task completion may also be slow." AR 417.

The ALJ gave little weight to Dr. Higgins' opinion that Plaintiff may have higher than average absenteeism due to her depression. AR 608. The ALJ stated Dr. Higgins' conclusion "is not borne out in the records of medical appointments, where the claimant did not have missed

appointments for physical or mental health treatment." AR 608. The ALJ concluded Plaintiff could retain employment in jobs that allow a worker to miss no more than one day of work a month. AR 610, 645.

The ALJ's reason for rejecting Dr. Higgins' opinion was not legitimate or supported by substantial evidence.[2] First, the ALJ's conclusion was not legitimate because the ALJ did not explain how Plaintiff's ability to attend medical appointments correlates to whether she could work in a job that allows no more than one missed day per month. *See* AR 608. Plaintiff's medical appointments were often several months apart and thus would not require the same level of attendance that employment would. *See* AR 830 (noting that plaintiff had four-month follow-up appointment), AR 881 (discussing annual follow-up); *see also Mulanax v. Comm'r*, 293 F. App'x 522, 523 (9th Cir. 2008) (citing Social Security Ruling 96-8p, 1996 WL 374184, at *1) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work-eight hours per day, five days per week."). The ALJ failed to explain how Plaintiff's ability to keep most of her medical appointments shows she could sustain a full-time work schedule.

Additionally, the ALJ's conclusion was not supported by substantial evidence in the record. The record shows evidence that Plaintiff missed at least three medical appointments. On January 4, 2013, Greater Lakes Mental Healthcare discharged Plaintiff for failure to return for services after

---

[2] The ALJ also discussed and rejected other portions of Dr. Higgins' medical opinion. However, Plaintiff asserts the ALJ only rejected Dr. Higgins' opined absenteeism limitation based on evidence of unmissed medical appointments. Dkt. 8, p. 4. Defendant appears to agree that this was the only reason the ALJ gave for rejecting Dr. Higgins' opinion on Plaintiff's absenteeism. Dkt. 9, p. 2. As such, the Court does not assess whether the ALJ's remaining reasons for rejecting other parts of this opinion were proper. However, to the extent the ALJ intended to discount Dr. Higgins' opined absenteeism limitation with his remaining statements, the Court notes the ALJ's statements regarding Plaintiff's "stressful living situation" and "tolerance for variation in learning tasks" were conclusory and legally insufficient. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence").

her initial assessment. AR. 781. Additionally, Plaintiff missed an appointment at SNS Neurology on October 19, 2016. AR. 830. On July 28, 2017, a doctor at Retina & Macula Specialists noted that Plaintiff returned for a follow-up appointment three years after her latest treatment, rather than at the one-year mark as the doctor had advised. AR. 881. Although Plaintiff also kept other medical appointments, these failures to follow up support Dr. Higgins' opinion that Plaintiff may have a higher than average rate of absenteeism. Accordingly, the ALJ failed to provide any specific, legitimate reason, supported by substantial evidence in the record, for rejecting Dr. Higgins' medical opinion evidence.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Here, had the ALJ properly considered Dr. Higgins' opinion, the RFC and the hypothetical questions posed to the vocational expert ("VE") may have included an additional limitation based on Dr. Higgins' opinion that Plaintiff's depression may cause her to miss more than one day of work a month. The RFC and hypothetical questions posed to the VE did not contain this limitation. *See* AR 610, 645. As the ultimate disability decision may have changed with proper consideration of Dr. Higgins' opinion, the ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115. The ALJ is directed to reassess Dr. Higgins' opinion on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 26th day of October, 2018.

David W. Christel
United States Magistrate Judge